**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDY RICHARDSON and LESLIE RICHARDSON,<br><br>　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>WELLS FARGO INSURANCE SERVICES USA, INC.,<br><br>　　　　Defendant-Appellee. | No.　17-35733<br><br>D.C. No. 2:16-cv-01228-TSZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted October 10, 2018[**]
Seattle, Washington

Before:　FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Randy and Leslie Richardson ("Richardsons") appeal the district court's

grant of summary judgment in favor of Wells Fargo Insurance Services USA, Inc.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

and the subsequent denial of the Richardsons' motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly granted summary judgment on the Richardsons' negligence, gross negligence, and negligent misrepresentation claims.[1] The Richardsons failed to establish any negligence claim, because they did not demonstrate proximate causation by showing that "the damage to [their vacation home] was caused by a risk insured against by the policy that would have been in effect except for the negligence of the broker." *Pac. Dredging Co. v. Hurley*, 397 P.2d 819, 823 (Wash. 1964). The district court found that the Richardsons failed to provide any evidence that an insurance policy existed, or could have otherwise been procured, that would cover water damage to a vacation home caused by a constant leak from a refrigerator. The Richardsons do not challenge that conclusion. That failure is fatal to their claims, because even the most adept insurance broker exercising the greatest possible care cannot be expected to obtain coverage for its clients that no insurance company is willing and

---

[1] The district court dismissed the Richardsons' breach of contract claim based on the Richardsons' apparent abandonment of the claim. The Richardsons have admitted that the contract claim is not at issue on appeal. We therefore do not address this issue on appeal.

able to provide. *See Sternoff Metals Corp. v. Vertecs Corp.*, 693 P.2d 175, 179 (Wash. Ct. App. 1984).

2.      Because the district court did not err in granting summary judgment, it did not abuse its discretion in denying the Richardsons' motion for reconsideration. *See Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1218 (9th Cir. 2012).

**AFFIRMED.**